IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY L. DAVIS,

                            Petitioner,

            v.                                    CASE NO. 12-3142-SAC

DAVID MCKUNE,

                            Respondent.



                        O R D E R

     This matter comes before the court on a form petition for filing
under 28 U.S.C. § 2254, submitted by a prisoner incarcerated in a
Kansas correctional facility.  Petitioner proceeds pro se, and seeks
leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Petitioner is serving a sentence imposed for his 1989 conviction
on charges of first degree felony murder, aggravated robbery, and
aggravated arson.  The instant petition includes various grounds
challenging the legality of that conviction and sentence.[1]  Court
records disclose, however, that the court dismissed as time barred
petitioner's first attempt to seek federal habeas corpus of his
conviction and sentence.[2]  And in more recent cases including one
dismissed this same date, the court dismissed petitioner's habeas
actions as second or successive petitions that lacked the circuit

---

1 The petition appears to set forth a variety of additional concerns appropriate
for filing in a civil complaint seeking relief under 42 U.S.C. § 1983.  The court
does not address any such claim because petitioner may not avoid the "3-strike"
provision in 28 U.S.C. § 1915(g) by attempting to proceed on such claims in habeas
corpus.  Additionally, petitioner alleges error in a decision entered in a previous
federal civil action, *Davis v. Clark*, Case No. 05-3172-SAC, but the remedy on any
such allegation must be pursued in that case to the extent the law now allows.

2 *See Davis v. McKune*, Case No. 03-3078-SAC (D.Kan. December 3, 2003), *appeal
dismissed* (10th Cir. July 21, 2004).

court's authorization for this court's review.[3]  *See* 28 U.S.C. § 2244(b).

Likewise, the present case also presents a second or successive habeas petition, for which authorization from the Tenth Circuit Court of Appeals is required before this court can consider the petition. Absent such authorization, this matter is subject to being dismissed for lack of jurisdiction, or transferred to the Tenth Circuit Court of Appeals if such transfer would be in the interest of justice. *See In re. Cline*, 531 F.3d 1249, 1252-54 (10th Cir.2008).

The court continues to find it would not be in the interests of justice to transfer this matter to the Circuit Court for such authorization, and concludes the petition should be dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted for the limited purpose of dismissing the petition for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 6th day of July 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

3 *See Davis v. Parkinson*, Case No. 10-3136-SAC (D.Kan. September 22, 2010), *appeal dismissed* (10th Cir. November 11, 2010); *Davis v. McKune*, Case No. 12-3117-SAC (D.Kan. July *, 2012).